UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WARBIRD CONSULTING PARTNERS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:25-cv-00036-SEP |
| PEMISCOT MEMORIAL HEALTH SYSTEMS, | ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

Before the Court is attorney Mark Blanton's Motion to Withdraw as Counsel for Defendant Pemiscot Memorial Health Systems, Doc. [19]. Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel first enters an appearance for the client. This rule is especially appropriate where the client is a corporation or other artificial entity that can act only through agents, as such an entity cannot appear pro se and must be represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citing *Osborn v. President of Bank of United States,* 9 Wheat. 738, 829 (1824)). Additionally, corporations and other artificial entities are subject to entry of a default judgment if they fail to obtain counsel as required by the Court. *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014) (ordering defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In light of the foregoing, the Court will hold in abeyance counsel's motion and order Defendant to obtain substitute counsel no later than August 29, 2025. If Defendant fails to obtain substitute counsel within that time, Pemiscot Memorial Health Systems could be subject to a default judgment in favor of Plaintiff. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed *pro se*). Counsel's motion to withdraw will be granted when substitute counsel enters an appearance or on August 29, 2025, whichever comes first.

Accordingly,

**IT IS HEREBY ORDERED** that Mark Blanton's Motion to Withdraw as Counsel for Defendant Pemiscot Memorial Health Systems, Doc. [19], is **HELD IN ABEYANCE** with respect to the request to withdraw, and the Court imposes a withdrawal notice period until **August 29, 2025**.

**IT IS FURTHER ORDERED** that Defendant shall obtain substitute counsel no later than **August 29, 2025**, and that Defendant's substitute counsel, if any, shall file an entry of appearance no later than **August 29, 2025**.

**IT IS FINALLY ORDERED** that, on **August 29, 2025**, or upon entry of new counsel for Defendant, whichever comes earlier, the Court will issue an order granting counsel's motion to withdraw from representation of Defendant.

Dated this 21st day of July, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE